(No. 3274— ▮▮▮▮▮▮)

FLORENCE NICHOLS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1938.*

THEODORE W. HINDS, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The complaint herein discloses that plaintiff was employed as an attendant at the Elgin State Hospital being employed under the Department of Public Welfare; that she had been assigned duties therein which were detrimental to her health and well being though not so known to her at that time, and that although she was a strong and robust person such work was injurious to her health, and as an approximate result of such work she submitted to an operation at the Elgin State Hospital on or about December 2, 1936. The claim further recites that she was informed by the physician in charge that the operation would be for the removal of her appendix, or, if necessary, an exploratory operation; that she signed a blank unfilled operation permit form, but that without her further knowledge or consent the physician in charge caused the removal of claimant's ovaries, fallopian tubes and uterus; that following such operation injections of glucose were given to her in her limbs in such a negligent manner that the latter became infected; that she was thereafter so negligently cared for the infection resulted in large and unsightly scars, weakening of the muscles of her thighs which left claimant unable to work in as competent a manner as heretofore, and prevents and deprives her of the opportunity of having a family which she was desirous of doing, for all of which she prays damages from the State of Illinois in the sum of Twenty-two Thousand Seven Hundred Thirty-five and 20/100 ($22,735.20) Dollars.

The Attorney General has filed a motion to dismiss the complaint, for the reason that same seeks an award for the alleged negligent conduct upon the part of officers, agents and employees of the State, for which the latter cannot be held to respond.

"The doctrine of *respondeat superior* does not apply to the State, and the latter, in the absence of a statute, is not liable to respond in damages for injuries occasioned by the negligent and wrongful conduct of its officers, agents or employees."

> *Jones* vs. *State*, 8 C. C. R. 78.
> *Palumbo* vs. *State*, 8 C. C. R. 196.
> *Short* vs. *State*, 9 C. C. R. 134.

The doctrine of the State's liability is rather fully set forth in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, wherein the court holds:

"The jurisdiction of the Court of Claims to make an award is limited to cases where the State would be liable in law or equity in a court of general jurisdiction if it were suable."

The motion of the Attorney General is allowed and the claim dismissed.